**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HUNG T. PHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-215-HE |
| | ) | |
| FRANK KENDALL, Secretary of the United | ) | |
| States Department of the Air Force, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT, WITH BRIEF IN SUPPORT**

Defendant, Frank Kendall,[1] Secretary of the United States Department of the Air Force, respectfully moves for dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

**Statement of the Case**

Plaintiff filed his initial Complaint on March 15, 2021.[2] On May 17, 2021, Secretary Kendall filed his Motion to Dismiss asserting, among other things, that Plaintiff had failed to state a plausible link between any agency action and discriminatory or retaliatory animus.[3] The Court subsequently dismissed Plaintiff's Complaint, stating that it did not "allege facts – as opposed to conclusory allegations – supporting an inference of discrimination on a prohibited basis."[4] Rather, the Court explained, it was "a sort of stream

---

[1] Rule 25(d), Frank Kendall, the current Secretary of the Air Force, is automatically substituted as the proper party Defendant.

[2] Compl. (Doc. 1).

[3] Mot. to Dismiss at 10-11. (Doc. 6).

[4] Order at 3 (Doc. 11).

of consciousness description of plaintiff's dealing with supervisor Nguyen and others over several months," but which did not "appear to implicate age or disability."[5] Plaintiff's Amended Complaint fares no better.

The Amended Complaint is materially identical to his initial Complaint in most respects. He still seeks relief against the Secretary for alleged discriminatory conduct based on age (Count One) and creation of a hostile work environment (Count Two).[6] And, although not included in separate "Counts," still seemingly requests relief on two additional bases—disability discrimination and retaliation.[7] Additionally, the Complaint still contains the same "stream of consciousness" description of Plaintiff's workplace tribulations. In fact, there are only two discernable differences between Plaintiff's initial and Amended Complaints. First, the Amended Complaint includes two new paragraphs, ¶¶ 10 and 11, which note his successful workplace performance and details specific ailments from which he suffers. And second, Plaintiff adds a conclusory sentence at the end of most paragraphs in his "background facts" section, which states in various terms that he was treated differently than younger and non-disabled individuals.[8] But these additions still fail to state facts sufficient to support an inference of discrimination on a prohibited basis and therefore still fail to meet *Twombly* and *Iqbal's* plausibility threshold. Plaintiff's Amended Complaint should be dismissed.

---

[5] *Id*.

[6] Plaintiff no longer seeks relief under 5 U.S.C. § 2302.

[7] *See* Am. Compl. ¶ 12 (Doc. 12) (". . . Plaintiff suffered discrimination against himself and was subjected to harassment (non-sexual) on the basis of age . . . reprisal and disability . . .").

[8] *Id*. ¶¶ 13-25, 28-31.

Plaintiff was employed at Tinker Air Force Base ("Tinker") as an Electronics Engineer.[9] He identifies his tasks as "scanning documents and closing Room 210," which consisted of turning off all electrical appliances and completing the End of Day Check List.[10] Plaintiff takes issue with several workplace incidents:

1. On August 27, 2020, his work hours were changed from 10:00am – 7:00pm to 9:00am – 5:30pm.[11]

2. On August 31, 2020, his supervisor did not properly put in eight hours of sick leave.[12]

3. On September 11, 2020, a "Discussion of Violation" was issued to him for taking pictures inside the Complex.[13]

4. On September 14, 2020, he was monitored to ensure he was working from 9:00am – 5:30pm.[14]

5. On September 15, 2020, he was not allowed to telework two days per week.[15]

6. On October 1, 2020, he was forced into early retirement.[16]

7. He was moved to smaller or less private cubicles on October 6th and November 2, 2020.[17]

8. On October 30, 2020, his supervisor did not timely submit his retirement package.[18]

---

[9] *Id.* ¶ 3.

[10] *Id.* ¶ 16. *See also id.* ¶ 18 (Plaintiff "was responsible for . . . the safety of the work room that all electrical appliances and electronics were turned off."), ¶ 21 (noting his tasks included "check mark, fill out, and sign the 'End of Day Check List'").

[11] *Id.* ¶¶ 18, 21.

[12] *Id.* ¶ 22.

[13] *Id.* ¶ 24.

[14] *Id.* ¶ 21.

[15] *Id.* ¶¶ 14, 17.

[16] *Id.* ¶¶ 15, 25.

[17] *Id.* ¶ 23.

[18] *Id.* ¶¶ 19-20.

9.  On November 10, 2020, he was issued a disciplinary action.[19]

10.  In late November 2020, he was not given adequate recognition upon his retirement.[20]

For the reasons discussed below, Plaintiff's Amended Complaint should be dismissed, and judgment should be entered in favor of the Secretary.

## Standard of Dismissal

When considering a motion to dismiss under Rule 12(b)(6), courts must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] Under this standard, the Tenth Circuit has explained that "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[23] In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]"[24]

---

[19] *Id.* ¶ 13.

[20] *Id.* ¶¶ 27-28, 30.

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] *Id.* (citing *Twombly*, 550 U.S. at 556).

[23] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[24] *Twombly*, 550 U.S. at 570.

### Argument

**I.  Plaintiff's Amended Complaint fails to allege plausible claims under *Twombly* and *Iqbal*. It should be dismissed under Rule 12(b)(6).**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint using a two-step approach.[25] First, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."[26] Thus, at step one a court will identify and disregard any conclusory allegations.[27] Second, the court will determine whether the remaining well-pled allegations "state a claim to relief that is plausible on its face."[28] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] In contrast, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[30]

"[T]he elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."[31] Thus, in evaluating whether a plaintiff has stated a plausible discrimination claim, courts will "start by discussing the elements a plaintiff must

---

[25] *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).

[26] *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)

[27] *Iqbal*, 556 U.S. at 679-80.

[28] *Id.* at 678-79 (quoting *Twombly*, 550 U.S. at 570).

[29] *Id.* at 678.

[30] *Id*. (citation and internal quote marks omitted).

[31] *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012).

prove."[32] For this reason, a plaintiff should allege "at least minimal factual allegations on every element" of the claim.[33] While "[a] complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, [] it must . . . include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation."[34]  And a plaintiff does not meet this requirement with "general assertions of discrimination and retaliation."[35] Plaintiff's Amended Complaint fails to link his allegations to discriminatory or retaliatory animus and fails to identify any actionable conduct. As a result, he has failed to state plausible claims of discrimination.

### A.      Plaintiff has failed to link any agency action to discriminatory animus.

In order to prevail on his discrimination or retaliation claims, Plaintiff must show that a personnel action was taken "based on" or "because of" a protected characteristic.[36]

---

[32] *Id*.

[33] *El Helbawy v. Pritzker*, No. 14-CV-01707-CBS, 2015 WL 5535246, at *5-6 (D. Colo. 2015), *aff'd*, 663 F. App'x. 685 (10th Cir. 2016). *See also Morman v. Campbell Cty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) ("The inferences offered by the *McDonnell Douglass* framework assist judges in resolving motions to dismiss by providing an analytical framework to sift through the facts alleged").

[34] *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) (internal quotations and citations omitted); *see also Khalik*, 671 F.3d at 1193 ("entirely conclusory" allegations "not entitled to the assumption of truth").

[35] *Khalik*, 671 F.3d at 1193; *Moya v. Schollenbarger,* 465 F.3d 444, 457 (10th Cir. 2006).

[36] *See Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010) (setting out prima facie case for age discrimination claim) and *Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020) (explaining that for age discrimination claims, plaintiffs must show that an adverse personnel action was the but-for cause of any differential treatment); *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005) (for a hostile work environment, plaintiff must show the workplace was "permeated with *discriminatory*

But much like his initial Complaint, Plaintiff's Amended Complaint is devoid of meaningful, specific factual allegations supporting discrimination "because of" or "based on" impermissible motivations. The Court is thus "given no facts suggesting the [employer] acted with unlawful animus," and "no facts suggesting it [acted] because []he had engaged in legally protected opposition to discrimination."[37]

In an attempt to correct the deficiencies in his initial Complaint, Plaintiff states for each of his perceived slights that similarly situated individuals were not subjected to the purportedly discriminatory treatment that he was.[38] But as the Tenth Circuit recently articulated in *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019), such statements are not enough.

The plaintiff in *Bekkem* filed an original complaint alleging that a reprimand was

---

intimidation, ridicule, and insult . . .") (emphasis added); *Mathews v. Denver Post*, 263 F.3d 1164, 1167 (10th Cir. 2001) (noting that in disability discrimination cases, a plaintiff must show he "suffered adverse employment action because of the disability"); *Brainard v. City of Topeka*, 597 F. App'x 974, 981 (10th Cir. 2015) (citing *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008)) (for a retaliation claim, plaintiff must show "a causal connection existed between the protected activity and the materially adverse action.").

[37] *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1165 (10th Cir. 2014) ("Without some facts plausibly suggesting that [actions were taken] because of her discrimination complaint (or disability) . . . her retaliation claim, like her disability claim, cannot escape a motion to dismiss.").

[38] Am. Compl. ¶¶ 13-25, 28-31. Plaintiff also attaches 12 Exhibits to his Amended Complaint, each of which list the names of current and former employees he claims are similarly situated to him. These lists, which include anywhere from 14 to 74 names, do nothing to explain how or why Plaintiff believes these individuals are similarly situated to him. They are thus "insufficient to indicate that . . . discrimination was the plausible, rather than just the possible reason" for the events listed in his Amended Complaint. *Bekkem*, 915 F.3d at 1275 (citing *McCoy v. Wyoming*, 683 F. App'x 662, 666 (10th Cir. 2017)).

discriminatory because "other physicians had sent similar emails on similar issues of concern and have not been reprimanded."[39] The district court found that the plaintiff had failed to articulate a plausible claim of discrimination, and dismissed plaintiff's claims of race, sex, color, national origin, and/or religious discrimination.[40] Plaintiff's Amended Complaint added only that "other physicians, *who did not share in Plaintiff's protected characteristics and who had not engaged in protected activity*, had sent similar emails on similar issues of concern and had not received reprimands or similar discipline. . . ."[41] The Amended Complaint continued: "It appeared that the reprimand was issued, because of her protected characteristics."[42] In reviewing the district court's dismissal of the plaintiff's Amended Complaint, the Tenth Circuit upheld the district court's determination and reiterated that "it is insufficient for a plaintiff to allege . . . that she did not receive an employment benefit that 'similarly situated' employees received."[43] This is so because an "assertion that she is 'similarly situated' to other employees is just a legal conclusion—and a legal conclusion is never enough."[44] Thus, simply stating that others are similarly situated "is too conclusory to permit a reasonable inference of 'differential treatment of similarly

---

[39] *Bekkem*, 915 F.3d at 1274.

[40] *Id.*

[41] *Id.* (emphasis added).

[42] *Id.*

[43] *Id.* at 1275 (citing *Hwang*, 753 F.3d at 1164).

[44] *Id. See also McCoy*, 683 F. App'x at 666 ("it is merely a legal conclusion to assert that other employees were similarly situated but treated differently. Instead, there must be some allegation describing the [employees] who were re-employed, showing that they were like McCoy in a relevant way.") (internal quotations and citations omitted).

situated employees.'"[45] For the same reasons, this Plaintiff's oft-repeated statement that similarly situated employees were not discriminated against is insufficient to state a plausible claim of age and/or disability discrimination.

Finally, Plaintiff asserts that the fact that no one is currently performing his former tasks "indicates [that he] received disparate treatment based on age and disability."[46] But again, Plaintiff does not explain the basis for such a belief. His statement is a legal conclusion that must be disregarded.[47] Because "nothing in the Complaint plausibly links [the employer's actions], or the manner in which plaintiff was otherwise treated, to plaintiff's protected status," his Amended Complaint should be dismissed in its entirety.[48]

---

[45] *Id.*

[46] Am. Compl. ¶ 29.

[47] *Bekkem*, 915 F.3d at 1275 (noting that plaintiff made "the conclusory assertion that the reprimand 'appeared' to be 'based on her protected characteristics'").

[48] *Kil v. Wilkie*, No. CIV-19-0215-F, 2019 WL 4007216, at *6 (W.D. Okla. 2019) (dismissing discrete discrimination claims based on race, national origin, and sex). *See also Spires v. MetLife Grp., Inc.*, No. 18-CV-4464 (RA), 2019 WL 4464393, at *7 (S.D.N.Y. 2019) (dismissing ADEA claim as allegations that the plaintiff was the oldest staff member in is department and that the position he was denied was given to a less qualified, younger employee were insufficient to state a claim); *Merrick v. Franey Med. Lab, Inc.*, No. 19-CV-11002-LTS, 2019 WL 4542515, at *2 (D. Mass. 2019) ("[T]he mere fact that a 'younger employee' of unspecified age replaced Plaintiff does not, without additional allegations, trigger a right to conduct discovery in hopes that evidence of a discriminatory motive may turn up.") (quotations and citation omitted); *Jennings-Fowler v. City of Scranton*, 14-CV-0969, 2014 WL 7384748, at *6 (M.D. Pa. 2014), *aff'd in part, rev'd in part and remanded*, 680 F. App'x 112 (3d Cir. 2017) (granting motion to dismiss where "the plaintiff bases the gender discrimination allegation solely upon the fact that she was the only female working in her department."); *Ordonez v. Canyons Sch. Dist.*, No. 13-CV-245, 2014 WL 4092900, at *1 (D. Utah 2014) ("There is no connection between the actions taken against Plaintiff and her gender, race, or national origin. … While Plaintiff did not get along with her co-workers, there is no evidence that it was the result of any discriminatory animus.").

**B.      Plaintiff has failed to show that he suffered an adverse action.**

In addition to failing to show that the incidents discussed in the Amended Complaint were taken due to any protected characteristic, Plaintiff has also failed to show that his employer took "action" against him. Notably, "not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions . . . would form the basis of a discrimination suit."[49] A prima facie case of age or disability discrimination and retaliation therefore requires a plaintiff to point to an *adverse* or *materially adverse* employment action that occurred as a result of the alleged discrimination.[50] Moreover, "[o]nly acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action."[51] Plaintiff has failed to specify the actions he challenges. As a result, the Court is left to guess at which facts or actions Plaintiff challenges and which actions are related to his claim for a hostile work environment or merely serve as general background information.[52] In any event, none of the grievances

---

[49] *Mackenzie,* 414 F.3d at 1279.

[50] *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998) (in ADEA and Title VII cases, a plaintiff must establish that he "suffered an adverse employment action" as part of a prima facie case); *Mathews*, 263 F.3d at 1167 (in disability discrimination cases, a plaintiff must show he "suffered adverse employment action because of the disability"); *Brainard*, 597 F. App'x at 981 (citing *Hinds*, 523 F.3d at 1202) (for a retaliation claim, a plaintiff must show "a causal connection existed between the protected activity and the materially adverse action.").

[51] *Robinson v. Cavalry Portfolio Serv.*, 365 F. App'x 104, 114 (10th Cir. 2010) (quoting *Haynes v. Level 3 Communs.*, 456 F.3d 1215, 1218-19 (10th Cir. 2006).

[52] Am. Compl. ¶ 31 ("The above-pled facts also show that Plaintiff was the subject of

articulated in the Amended Complaint rise to the level of an adverse employment action.[53]

Reading generously into his Amended Complaint, Plaintiff mentions only two items that could be considered adverse personnel actions:[54] the September 11, 2020 A.F. 971 "Discussion of Violation,"[55] and the "disciplinary action—reprimand" issued on November 10, 2020.[56] As an initial matter, it is not clear as to whether these are two separate issues or if they represent the proposal and final action related to the same issue. If the Discussion of Violation is just a proposal, then it is not considered final agency action, and thus would not be an adverse employment action.[57] Additionally, the title of the document indicates that a counseling "discussion" took place. It does not indicate that this was a disciplinary action. And it cannot be that every counseling discussion that takes place between employer and employee constitutes an adverse action. With respect to the

---

reprisal by TAFB responsible management officials.").

[53] While many private-sector cases reference "adverse actions," federal-sector employees bringing claims under the ADEA (like Plaintiff) must have suffered an adverse *personnel* action because of differential treatment. *See Babb*, 140 S. Ct. at 1173 (pointing to the Civil Service Reform Act's definition, which includes "appointment, promotion, work assignment, compensation, and performance reviews").

[54] Plaintiff's assertion that he was "forced to retire" could be construed as a constructive discharge claim, which could in turn be considered an adverse action. However, Plaintiff states nothing in the Amended Complaint to assert that cause of action and does not state that such a claim was administratively exhausted. *See* Am. Compl. ¶ 6; *Rivero v. Board of Regents of Univ. of New. Mex.*, 950 F.3d 754, 761 (10th Cir. 2020) (explaining requirements of a constructive discharge claim).

[55] Am. Compl. ¶ 24.

[56] *Id*. ¶ 13.

[57] *Orr v. City of Albuquerque*, 417 F.3d 1144, 1151 n.7 (10th Cir. 2005) ("an employer's decision to reprimand . . ., if rescinded before the employee suffers a tangible harm, is not an adverse employment action.").

"disciplinary action," Plaintiff states that his immediate supervisor "did not want to take any disciplinary action" but that he was "acting under pressure from his supervisor."[58] Thus, on the face of his Amended Complaint Plaintiff has disclaimed any discriminatory or retaliatory animus on behalf of the issuing supervisor, and he certainly has not alleged that his second-line supervisor had any such animus. Moreover, as the Tenth Circuit has recognized, AF 971s are not inherently disciplinary.[59] Thus, Plaintiff has not pled an actionable adverse employment action.

### C.     Plaintiff has failed to state a plausible hostile work environment claim.

To state a claim of discrimination based on a hostile work environment, Plaintiff must plead facts that plausibly show that his "workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment."[60] Much is required to meet this threshold because, as explained in the Title VII context, discrimination laws do not "establish a general civility code," and accordingly, "run-of-the-mill boorish, juvenile, or annoying behavior . . . is not the stuff of a . . . hostile work environment claim."[61] In fact, a "recurring point" in the Supreme Court's hostile work environment decisions is that "simple teasing, offhand comments, and isolated incidents

---

[58] Am. Compl. ¶ 13.

[59] *Robinson v. Barrett*, 823 F. App'x 606, 612 (10th Cir. 2020) (noting that although some AF Form 971s may be disciplinary, Air Force policies state they are "not adverse actions.").

[60] *Mackenzie*, 414 F.3d at 1280 (hostile work environment based on age).

[61] *Morris v. City of Colo. Springs,* 666 F.3d 654, 664 (10th Cir. 2012).

(unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."[62] Importantly, "[t]he words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage."[63]

Plaintiff's hostile work environment claim suffers from two primary defects. First, as with his age and disability discrimination claims, he fails to state facts showing he was subjected to a hostile work environment because of a protected characteristic. In short, Plaintiff fails to state the *discriminatory* aspect of the "discriminatory intimidation, ridicule, and insult" he purportedly experienced.[64] But as it is with disparate treatment, unwelcome harassment *based on* a protected characteristic is an essential element of a hostile work environment claim.[65] And because Plaintiff has failed to state this critical discriminatory element, his hostile work environment claim fails.

Second, while Plaintiff seemingly suggests that each of the incidents listed in his Amended Complaint contributed to a hostile work environment,[66] such facts do not rise to

---

[62] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotations and citations omitted).

[63] *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (cited in *Moya v. Schollenberger*, 465 F.3d 444, 457 (10th Cir. 2006)).

[64] *See Mackenzie*, 414 F.3d at 1280.

[65] *See Williams v. FedEx Corporate Serv.*, 849 F.3d 889, 897-98 (10th Cir. 2017) ("Whether a plaintiff attempts to prove discrimination based on discrete acts taken by an employer or based on a hostile work environment, he must produce evidence from which a rational jury could conclude the employer took those actions *because of* his disability.") (emphasis in original); *DeWalt v. Meredith Corp.*, 288 F. App'x 484, 495 (10th Cir. 2008) ("Of course, he must also show that this harassment was based on age.").

[66] Am. Compl. ¶ 36 ("The acts and omissions of the Defendant in workplace discrimination and harassment because of age, disability and reprisal as set forth above unlawfully

the level of actionable harassment. Plaintiff has listed nothing more than "complaints attacking the ordinary tribulations of the workplace."[67] Thus, he has failed to state facts that would indicate that the conditions of his employment were "altered" as a result of "discriminatory intimidation, ridicule, and insult."[68] Count Two should be dismissed.

### D.   Plaintiff's Amended Complaint made no attempt to correct his jurisdictional pleading deficiencies.

A plaintiff, as the party invoking the court's jurisdiction, "bears the burden of establishing its existence."[69] This is especially true when a Plaintiff sues the federal government, because "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[70] Such a waiver  "cannot be implied" and thus "Congress does not waive the government's sovereign immunity by granting a court jurisdiction to hear a claim."[71] For this reason, "general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity" and, as a result, "a party

---

subjected Plaintiff to a hostile work environment.").

[67] *Mackenzie*, 414 F.3d at 1280 (noting such "ordinary tribulations" as "the sporadic use of age-related jokes, and occasional teasing.").

[68] *Id.* (citing *Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998)). *See also Hare v. Donahoe*, No. 13-CV-508-JED-FHM, 2014 WL 4793346, at *3 (N.D. Okla. Sept. 25, 2014), *aff'd,* 608 F. App'x 627 (10th Cir. 2015) (finding no hostile work environment for Plaintiff who "merely allege[d] that she was disciplined for rule violations); *El Helbawy*, 2015 WL 5535246, at *6 (non-actionable conduct did not meet threshold for hostile work environment).

[69] *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103-104 (1998).

[70] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

[71] *United States v. Murdock Mach and Engineering Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996); *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction."[72]

Plaintiff does associate his age discrimination claim with 29 U.S.C. § 633(A) (rather than 29 U.S.C. §633a), which can be read to infer a claim brought under the ADEA.[73] But aside from that, Plaintiff only asserts jurisdiction based on general jurisdiction statutes,[74] which the Tenth Circuit has unequivocally stated he cannot do.[75] No similar citation can thus be inferred for his disability discrimination, retaliation, or hostile work environment claims. This absence is particularly problematic for his disability discrimination claim given there are two avenues by which plaintiffs may bring such claims—the Americans with Disabilities Act or the Rehabilitation Act. And only one of these statutory schemes provides relief for federal employees.[76] Failure to plead the correct avenue, and thus the applicable waiver of the government's sovereign immunity, is additional grounds for dismissal.

---

[72] *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (internal citations omitted). *See also Flute v. U.S.*, 808 F.3d 1234, 1247 (10th Cir. 2015) ("To proceed against the government, the Plaintiffs must identify an express waiver of its sovereign immunity.").

[73] *See* Order at 1.

[74] Am. Compl. ¶ 1 (stating jurisdiction "is invoked pursuant to 28 U.S.C. §451, §1331, §1337, §1343 and 29 C.F.R. §1614.407," and further that "[t]his action is authorized and instituted under §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.").

[75] *Wyoming*, 279 F.3d at 1225 (recognizing that neither 28 U.S.C. §1331 nor 28 U.S.C. § 2201 themselves waive sovereign immunity such that jurisdiction is conferred "on a federal court where none otherwise exists."). *See also Normandy Apartments*, 554 F.3d at 1295; *Flute*, 808 F.3d at 1247.

[76] In fact, remedies for disability discrimination claims brought by federal employees in the Tenth Circuit are even further limited to a particular Section of the Rehabilitation Act, Section 501, rather than either 501 or 504. *See Williams v. Widnall*, 79 F.3d 1003, 1004 n.1 (10th Cir. 1996).

**Conclusion**

For these reasons, Plaintiff's Amended Complaint should be dismissed.

<u>Dated</u>: July 27, 2021

Respectfully Submitted,

ROBERT J. TROESTER
ACTING UNITED STATES ATTORNEY

*s/ Sarah Greenwalt McMurray*
SARAH GREENWALT MCMURRAY, #31566
Assistant U.S. Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK  73102
(405) 553-8700
Sarah.McMurray@usdoj.gov
Counsel for Defendant

16